**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:18-CR-00178-MOC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>vs. )<br>)<br>**QUINCY LAMONTE LOVE,** )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Credit for Time Served and Motion for Compassionate Release. Doc. No. 48. Defendant was sentenced in federal court for possessing a firearm in furtherance of a drug trafficking crime on February 11, 2019. See Doc. No. 26. Thereafter, on March 8, 2019, he was sentenced in state court for both common-law robbery—presumably an unrelated offense—and felony possession of marijuana—presumably a related offense. See Doc. No. 22 at 1, 10; Doc. No. 48 at 3. The state sentencing court indicated the state sentence should "run concurrent with any sentence [he was then] serving." Id. But Defendant states he was "told it's up to [the] federal judge and the courts to agree with the concurrent sentence." Doc. No. 48 at 1. He thus asks for an Order designating his federal sentence as concurrent with his state sentence. See id.

Defendant filed a similar Motion on May 5, 2020. See Doc. No. 46. At that time, the Court indicated that if Defendant is dissatisfied with his jail-time credit calculation, he should "first exhaust his administrative remedies" with the Bureau of Prisons,[1] then file a "habeas petition under

---

[1] Pursuant to Setser v. United States, a federal district court has the discretion to order a defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. See 132 S. Ct. 1463, 1468 (2012). But this Court and others have held that "there is no basis to conclude that the decision in Setser would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in Setser contemplates that post-judgment

28 U.S.C. § 2241 in the district of confinement." Doc. No. 47. Defendant nevertheless filed another motion in this Court—rather than in the district of confinement—and again failed to show that he first sought relief from the Bureau. Thus, Defendant's motion is denied for the same reasons that his prior motion was denied.

In closing, Defendant indicated he "wondering [if he could] appl[y] for the compassionate release or any release that is deemed necessary." Doc. No. 48 at 1. But the *pro se* motion does not clearly present a basis for compassionate release or for any other relief. To the extent this query actually seeks relief on such a basis, the motion is denied.

---

adjustments, if necessary, will be addressed by the Bureau of Prisons." United States v. Short, No. 1:08-CR-446, 2014 WL 645355, at *1 (M.D.N.C. Feb. 18, 2014); see also Setser, 132 S. Ct. at 1473 ("There will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [Defendant's] confinement. [Defendant] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus.").

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Credit for Time Served and Motion for Compassionate Release, Doc. No. 48, are **DENIED**.

Signed: August 27, 2020

Max O. Cogburn Jr
United States District Judge